UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAMADOU BARRY,

                Plaintiff,

        -v-                    9:24-CV-1581 (DNH/ML)

MS. MCINTOSH *et al.*,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

### **ORDER ON REPORT & RECOMMENDATION**

On December 26, 2024, *pro se* plaintiff Mamadou Barry ("plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that various DOCCS officials violated his rights under Eighth and Fourteenth Amendments. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3.

On January 30, 2025, this Court granted plaintiff's IFP Application and, after conducting an initial review of the pleading, determined that plaintiff's § 1983 claims against defendants McIntosh, Frenya, Harrigan, Gadway survived initial review and required a response. Dkt. No. 5.

On August 18, 2025, defendants moved for pre-answer summary judgment or, in the alternative, to partially dismiss plaintiff's complaint. Dkt. No. 30. Briefly stated, defendants principally argued that plaintiff failed to exhaust his administrative remedies before filing suit. *Id*. The parties fully briefed the motion. Dkt. Nos. 37, 41.

On January 21, 2026, U.S. Magistrate Judge Miroslav Lovric advised by Report & Recommendation ("R&R") that defendants' motion for summary judgment be granted. Dkt. No. 42. As Judge Lovric explained, there was evidence indicating that plaintiff had filed a grievance (CL-20547-22) but this grievance did not make any allegations against the named defendants. *Id*.

Instead, the record evidence showed that plaintiff did not make any administrative complaints that included allegations against any of the named defendants until he submitted his CORC appeal, which, for reasons he explained, is not the proper way to pursue a grievance. *Id*. at 21. Because plaintiff's opposition submissions failed to place this fact issue in dispute, defendants were entitled to summary judgment.

Plaintiff has lodged objections. Dkt. No. 43. Broadly speaking, plaintiff rehashes his claims (raised below) that he grieved these claims, or that the grievance process was unavailable to him. *See id*. Defendants have responded in opposition. Dkt. No. 44. There, they point out that plaintiff's grievance— which was filed but failed to identify defendants or make allegations against

them—undisputedly worked its way through the grievance system at the facility in question. *See id.* In other words, the grievance system was available and functioning—plaintiff just did not exhaust these claims. *Id.*

Upon *de novo* review, the R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 42) is ACCEPTED;

2. Defendant's motion for summary judgment (Dkt. No. 30) is GRANTED; and

3. Plaintiff's operative complaint (Dkt. No. 1) is DISMISSED.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: February 26, 2026
       Utica, New York.

David N. Hurd
U.S. District Judge